Dakin *v.* Goddard.

DAKIN *versus* GODDARD.

Where a creditor, holding land by levy of an execution, subject to the debtor's right of redemption, has leased the same, the debtor, after redeeming, cannot recover of the *lessee* for the use and occupation prior to the redemption.

Neither, after redeeming, can the debtor, claiming to be, (by operation of law,) the assignee of the rents and earnings under the lease, recover of the lessee for any of the rents or earnings, which accrued prior to the redemption.

ASSUMPSIT for use and occupation of the plaintiff's land, and also for the third instalment of rent, payable under a lease of said land, made by one Southard to the defendant.

The case was submitted to the court upon an agreed statement of the facts.

*Cutting,* for the plaintiff.

Dakin *v.* Goddard.

1. The land, which was leased to the defendant on the 10th of May, 1842, was redeemed on the 10th of Nov. 1842, and on the next day the defendant was notified to pay the rent to the plaintiff.

The plaintiff's title having thus become perfected on the last day of the second quarter, he was entitled to the rents subsequently accruing under the lease, for the defendant was *then* holding under the plaintiff, either at sufferance or under the lease, at the plaintiff's election.

The defendant, by continuing to occupy after the notice to pay rent to the plaintiff, must be considered as assenting to be accountable to the plaintiff.

That the defendant so understood it, is shown by the payment he made to the plaintiff of the fourth instalment. His only fault was in not paying to the same party the third instalment, for which this suit is brought.

But the law of this case is already settled. *Southard* v. *Parker*, 26 Maine, 214, relating to this very lease. In that case the lessor sued the assignee of the lessee for this same third instalment, but was not permitted to recover. Unless this suit can be maintained, that assignee keeps the whole instalment, $512,50, without any consideration.

2. This action may well be maintained on the count for use and occupation.

The relation of landlord and tenant existed between these parties. *Curtis* v. *Treat*, 21 Maine, 525.

"Where the premises have been occupied *without* the knowledge or consent of the owner, the state of landlord and tenant does not exist between him and the occupant, and an action for use and occupation cannot be sustained."

"It is, however, competent for the parties to waive the tort; and if the tort be waived by them, the owner may have his remedy in assumpsit."

In this case the premises have been occupied *with* the knowledge and consent of the owner, and the defendant has already paid a part of the rent, viz. the last quarter's rent to the plaintiff.

*Peters*, for the defendant.

1. In no event can the plaintiff recover *in this form of action*, which is assumpsit. The remedy, if any, is in trespass for mesne profits. This was incidentally decided in 26 Maine, 214. There was no privity between these parties. There was no attornment to the plaintiff, and the notice to pay to the plaintiff raises no implied promise. It is said, the defendant's payment of the fourth instalment was a recognition, that he was *then* holding under the plaintiff. By the same reasoning his paying the third instalment to the assignee of the lessor is an admission, that he was, when that instalment accrued, holding under the lease.

2. The defendant was rightfully occupying under the lease until the redemption was made, Nov. 10, 1842. By that time, as the parties have agreed, more than three fourths of the whole year's earnings had accrued. They were, therefore, rightfully payable to the assignee of the lease, to whom they have been fully paid. If the plaintiff can recover in this suit, it must be for occupancy prior to the redemption.

SHEPLEY, C. J. — The case is presented for decision upon facts agreed. It appears, that an execution in favor of Edward R. Southard and Myrick Emerson, against Gershom B. Weston and others, was levied on certain real estate, on November 22, 1841. Southard having acquired the interest of Emerson, leased a part of that estate to the defendant, on May 10, 1842, "to hold for the term of one year" from that time, "unless said premises shall be redeemed from said set-off." The lessee promised "to pay said rent to said lessor or his order, in four equal instalments, the first the fifth day of August, the second the fifth day of September, the third the fifth day of October, and the fourth the first day of December next.

John N. Gossler and the plaintiff became the owners of the estate, subject to the levy, and redeemed it on November 10, 1842 ; and on the following day gave notice to the defendant, that the rent, "except the two first quarters," was not to be paid to the lessor, but to the owners of the estate.

The defendant continued to occupy the estate, until May 10, 1843 ; and he paid the three first instalments of the rent to Oliver Parker, to whom the lease had been assigned on May 18, 1842. The third instalment was not paid until December 12, 1842. The fourth instalment was paid to Gossler and Dakin.

This action has been commenced to recover the amount of the third instalment, already paid to Parker, or to recover for the use and occupation of the estate, after it was redeemed, so far as the defendant has not paid therefor to Gossler and Dakin.

The tenancy under the lease was terminated on November 10, 1842, by the determination of the estate of the lessor at that time. The three first instalments of rent had become payable before that time, and their payment might have been enforced. Such payments, if they had been made, would have been legally made, and the defendant could not have been required to make them to any other person than the lessor or his assignee.

The lease did not become void by the termination of the tenancy. It continued to be a valid contract between the parties to it, and the lessor or his assignee could compel the defendant to perform all the duties, which he ought to have performed before the estate was redeemed, unless he was relieved from their performance by the termination of the estate, or by the terms of the lease. The estate was leased for one year for a certain sum, which was made payable on certain days named, having no correspondence to quarterly payments. The lessor or his assignee was entitled to collect and receive the rents, which had accrued before the estate was redeemed. The amount, which had accrued, must be determined by the lease and the facts agreed. The lease provided, that, if the premises should be redeemed, the lessee should pay " only a fair proportion of said rent." It is agreed, that " the occupation of said mill from May 10 till November 10, was more than three-quarters in value of the lease for a year from said 10th of May." By paying the third instalment to

the assignee of the lessor, the lessee paid no more than he was obliged by his lease to pay for the use of the premises, before they were redeemed ; no more than a fair proportion of the yearly rent.

The right of the plaintiff to recover in this suit may be exhibited in a different manner. He can claim to recover only as assignee of the lease, by operation of law, or for use and occupation of the premises. , Should his right to represent the lessor as assignee not be denied, he could only enforce the lease according to its terms ; and the three first instalments of rent would be payable to the lessor as being the owner of the estate, when they became payable. Should he attempt to recover for the use and occupation of the estate, after it had been redeemed, he must be met by the fact agreed, that the occupation during the first half of the year was worth three-fourths of the whole year's rent ; and it follows, that the occupation for the last half of the year was worth no more than one-fourth of that rent, which has been already paid to him.

The argument for the plaintiff alleges, that the rent accrued quarterly, and that a different decision will be at variance with the decision in the case of *Southard* v. *Parker*, 26 Maine, 214. In that case the facts do not appear to have been correctly presented, or if they were, to have been stated with entire accuracy. The opinion incorrectly states, that the premises were leased " at an annual rent payable quarter yearly," and the reasons assigned for the decision are based upon that erroneous exhibition of facts or position. The decision itself appears, as the facts are now exhibited, to have been correct, admitting the contract of September 2, 1842, to have been in force, and to be entirely consistent with the present. That was an action of assumpsit, containing a count for money had and received by Parker, to the use of Southard, who could not recover without proof, that the money received of the defendant was his property. This proof he failed to make, because he had agreed on September 2, 1842, to receive the rents " up to and including the fifth

of September instant," and to make no claim for rents after that time.   If this contract was in force, and the estate was redeemed by virtue of its provisions, it disproved his right to any rent payable after the fifth of September and to the money in the hands of Parker, received for the third instalment of rent.

Gossler and Dakin by their settlement with Southard respecting the rents and profits of the estate might have recovered from him the amount of the third instalment if he had received it.   Or they might have recovered it from any other person, in whose hands it was found, unless he had, before the estate was redeemed, acquired from Southard some right to it, which would prevent Southard from conveying it to them.                                        *Plaintiff nonsuit.*